IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FIRESTONE NATURAL RUBBER COMPANY, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>LATEX FOAM INTERNATIONAL, LLC and LATEX FOAM INTERNATIONAL HOLDINGS, INC.,<br><br>      Defendants. | Case No.: 3:11-cv-01802-DJS<br><br>January 20, 2012 |

**<u>ANSWER</u>**

  Defendants Latex Foam International, LLC ("Latex International") and Latex Foam International Holdings, Inc. ("LFIH"), by and through their undersigned counsel, as and for their answer to the Complaint of Firestone Natural Rubber Company, LLC ("Firestone"), hereby allege as follows:

  1. In answering Paragraph 1 of the Complaint, Latex International and LFIH deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 1; and admit, upon information and belief, the allegations set forth in the second sentence in Paragraph 1.

  2. Latex International and LFIH admit the allegations of Paragraph 2 of the Complaint.

  3. In answering Paragraph 3 of the Complaint, Latex International and LFIH admit that LFIH is a corporation organized and existing under the laws of the State of Connecticut with a place of business located in Shelton, Connecticut; admit that Latex International manufactures,

among other products, latex mattress components and pillows; and deny any remaining allegations in Paragraph 3.

 4 and 5. In answering Paragraphs 4 and 5 of the Complaint, Latex International and LFIH state that Paragraphs 4 and 5 set forth legal conclusions to which no response is required; admit that the amount in controversy exceeds $75,000; admit that Latex International and LFIH reside in the district; and deny the remaining factual allegations, if any, in Paragraphs 4 and 5.

 6, 7 and 8. In answering Paragraphs 6, 7 and 8 of the Complaint, Latex International and LFIH admit the allegations to the extent such allegations pertain to Latex International and deny the allegations to the extent such allegations pertain to LFIH.

 9. In answering Paragraph 9 of the Complaint, Latex International and LFIH admit the allegations in the first three sentences of Paragraph 9 to the extent such allegations pertain to Latex International and deny the allegations in the first three sentences of Paragraph 9 to the extent such allegations pertain to LFIH; state that the fourth sentence of Paragraph 9 contains legal conclusions to which no response is required; deny having sufficient knowledge or information to form a belief as to the truth of any factual allegations in the fourth sentence of Paragraph 9 to the extent such allegations pertain to Latex International; and deny the allegations in the fourth sentence of Paragraph 9 to the extent such allegations pertain to LFIH.

 10. In answering Paragraph 10 of the Complaint, Latex International and LFIH admit that, in August of 2011, Latex International advised Firestone that Latex International could not make payments of $15,000 per week and that the payments it could make thereafter would be $15,000 per month; admit that Firestone expressed disappointment to Latex International that the payment was to be reduced; and deny any remaining allegations in Paragraph 10.

11. In answering Paragraph 11 of the Complaint, Latex International and LFIH admit that Latex International has not yet paid Firestone the full amount due from Latex International for Firestone's products; state that Latex International has made and continues to make payments of $15,000 per month to Firestone for such products; further state that the amount currently owed to Firestone by Latex International is approximately $403,207; and deny any remaining allegations contained in Paragraph 11.

12. In answering Paragraph 12 of the Complaint, Latex International and LFIH repeat and reallege their responses to Paragraphs 1 through 11 of the Complaint as if set forth in full herein.

13, 14, 15 and 16. In answering Paragraphs 13, 14, 15 and 16 of the Complaint, Latex International and LFIH state that Paragraphs 13, 14, 15 and 16 of the Complaint contain legal conclusions to which no response is required; admit that Latex International agreed to pay Firestone for products sold to it; state that Latex International has paid most of the money owed by it for products purchased from Firestone; and deny all allegations to the extent the allegations of Paragraphs 13, 14, 15 and 16 pertain to LFIH.

17. In answering Paragraph 17 of the Complaint, Latex International and LFIH repeat and reallege their responses to Paragraphs 1 through 16 of the Complaint as if set forth in full herein.

18 and 19. In answering Paragraphs 18 and 19 of the Complaint, Latex International and LFIH admit the allegations of Paragraphs 18 and 19 to the extent they pertain to Latex International; and deny the allegations of Paragraphs 18 and 19 to the extent they pertain to LFIH.

1378\55\2649485.1

20, 21, 22 and 23. In answering Paragraphs 20, 21, 22 and 23 of the Complaint, Latex International and LFIH state that Paragraphs 20, 21, 22 and 23 of the Complaint contain legal conclusions to which no response is required; admit that Latex International has not yet paid Firestone for all of the products Firestone sold to Latex International; state that Latex International has made and continues to make $15,000 per month payments to Firestone; and deny the allegations of Paragraphs 20, 21, 22 and 23 to the extent such allegations pertain to LFIH.

WHEREFORE, defendants Latex Foam International, LLC and Latex Foam International Holdings, Inc. respectfully request that the judgment sought by plaintiff Firestone Natural Rubber Company, LLC not be entered against them.

Respectfully submitted,

Defendants,
**LATEX FOAM INTERNATIONAL, LLC and LATEX FOAM INTERNATIONAL HOLDINGS, INC.**

By: /s/ Thomas F. Clauss, Jr.
Thomas F. Clauss, Jr. (ct 12392)
**WIGGIN and DANA, LLP**
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT 06901
Telephone: (203) 363-7600
Fax: (203) 363-7676
Email: tclauss@wiggin.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2012, a true copy of the foregoing **ANSWER** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: January 20, 2012

       /s/ Thomas F. Clauss, Jr.
       Thomas F. Clauss, Jr. (ct 12392)